UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BOBBY LEE WHITE,

    Plaintiff,

v.                                        Case No. 3:22cv25412-MCR-HTC

ESCAMBIA COUNTY
SHERIFF'S OFFICE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Bobby Lee White, a prisoner proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 purporting to assert claims for excessive force against two officers from the Escambia County Sheriff's Office ("ECSO"). ECF Doc. 7 (Plaintiff's amended complaint). As set forth below, the undersigned recommends the case be dismissed for Plaintiff's failure to prosecute and follow orders of the Court.

On January 25, 2023, after screening the amended complaint, the Court issued an order finding Plaintiff failed to state a claim for relief but, nonetheless, giving him an opportunity to file a second amended complaint or file a notice of voluntary dismissal within twenty-one days. ECF Doc. 9. The Court warned Plaintiff that

failure to comply with the Order may result in dismissal. *Id.* at 5. Nonetheless, Plaintiff did not comply. Thus, on March 21, 2023, the Court entered a show cause order giving Plaintiff fourteen (14) additional days to comply with the January 25 Order.[1] ECF Doc. 13.

However, instead of complying with the Court's January 25 Order as directed or otherwise responding to the Show Cause Order, Plaintiff filed a *letter* explaining that he is experiencing difficulties prosecuting this case while incarcerated and seeking a stay until his release in 2024. ECF Doc. 14. Rather than sending the letter back as an improper filing, the Court treated it as a motion, denied the request for a stay, and *sua sponte* extended the deadline for filing a second amended complaint until April 21, 2023. ECF Doc. 15. Plaintiff, thus, has had three (3) months to file an amended complaint, but has not done so.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a case *sua sponte* where the plaintiff has failed to prosecute his claims or follow a court order. Fed. R. Civ. P. 41(b); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011). The Eleventh Circuit has routinely held that "dismissal upon disregard of an order, especially where the [plaintiff] has been forewarned, generally is not an abuse of discretion." *See, e.g.*, *Saint Vil v. Perimeter Mortg.*

---

[1] The Court waited until March 21 to issue a show cause order because, even though the January 25 Order did not get returned to the Court, Plaintiff filed two notices of changes of address, one on January 26, and one on February 16.

Case No. 3:22cv25412-MCR-HTC

*Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Based on the foregoing, dismissal of this case is appropriate.  Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of April, 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.